### SMYTH v. BROWN.

Circuit Court of Appeals, First Circuit.
May 31, 1928.

No. 2223.

Receivers ⟨⟩152—Claim of insurance broker for earned premiums on liability insurance written for manufacturing corporation held not entitled to priority in receivership.

In receivership of manufacturing corporation, claim for earned premiums of insurance broker on workmen's compensation, employers' liability, and public liability insurance written for such corporation, *held* not entitled to priority over claims of other creditors.

Appeal from the District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge.

In the matter of the receivership of the Luxor Cab Manufacturing Corporation, La Rue Brown, ancillary receiver. From a decree denying priority to the claim of James H. Smyth, he appeals. Affirmed.

G. Harvey Hull, of Boston, Mass., for appellant.

Elias Field, of Boston, Mass. (La Rue Brown, of Boston, Mass., on the brief), for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and HALE, District Judge.

PER CURIAM. The Luxor Cab Manufacturing Corporation having been placed in receivership in the United States District Court for the Southern District of New York, the appellee, La Rue Brown, was by a decree of the United States District Court for the District of Massachusetts, on July 6, 1926, appointed ancillary receiver of all its property and assets within the district of Massachusetts. July 28, 1926, by decree of said court, the ancillary receiver was authorized to sell certain personal property of the corporation. August 12, 1926, an order was entered requiring all persons having claims against the corporation to present the same to the receiver on or before October 1, 1926. Notice of the order having been given, the appellant, Smyth, on September 28, 1926, duly filed his proof of claim. In the proof of claim it appears that the appellant is a broker of insurance doing business in Boston; that about May 1, 1925, as such broker and at the request of the Manufacturing Corporation, he placed with the Employers' Liability Assurance Corporation, Limited, of England, workmen's compensation and employers' liability insurance having to do with the persons employed by the Manufacturing Corporation during the term of one year from May 9, 1925, for the purpose of indemnifying them and the Manufacturing Corporation on account of bodily injuries received in the course of their employment, it being agreed that the corporation would pay the insurance company therefor an earned premium at varying rates for different classes of employees, but at such rate per thousand dollars of pay roll as shown on an accompanying schedule, the final amount of premium to be determined at the expiration of the year, in accordance with an audit of the corporation's books then to be made by the insurance company; that such audit disclosed that there had been earned $4,337.73, of which sum $940 was paid at the beginning of the term, leaving a balance due of $3,397.73; that on May 29, 1926, this sum was demanded, but has not been paid.

A second item in the claim is: That the appellant, in his capacity of broker, and at the request of the corporation, placed with the insurance company manufacturers' public liability insurance, for the purpose of indemnifying the corporation against claims for personal injuries sustained by persons other than employees who might visit the premises of the corporation and become injured while there; it being agreed that the corporation would pay an earned premium at the rate per thousand dollars of pay roll shown on an accompanying schedule, in accordance with an audit to be made after the close of the year; that such audit showed that there had been earned the sum of $87.81,

of which $17.25 had been paid at the beginning of the term, leaving a balance due of $70.56; that on May 29, 1926, this sum was demanded, but has not been paid.

In the proof of claim the creditor requested that both items be adjudged preferred over the claims of ordinary creditors, assigning various reasons.

The receiver being of the opinion that this claim was not entitled to preference, and, if all the claims submitted seeking preference were allowed as such, that the funds remaining in his hands, after paying the expenses of administration, would be inadequate to pay the amounts allowed, submitted the various claims seeking priority to the court for determination. The parties having been heard before the District Court, it was ordered that the claim of priority here in question be denied; and this appeal was taken.

It is conceded that no statute of Massachusetts or of the United States gives priority to a claim of this nature. No case has been called to our attention, and we know of none, in which such a claim has been accorded priority. And we are unable to see wherein equity requires that this claim should be given priority over the claims of the other creditors.

The decree of the District Court is affirmed, with costs in this court to the appellee.